SQUIRES TIMBER COMPANY v. THE INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA

No. 8413SC17

(Filed 15 January 1985)

**Insurance § 6— damage to machinery—machinery leased or sold on installment
basis—genuine issue of fact**

In an action to recover on an insurance policy for fire damage to a piece of
logging machinery, the trial court erred in entering summary judgment for
defendant insurer where there was a genuine issue of material fact as to
whether plaintiff leased the machinery or sold it on an installment basis to the
person in whose possession it sustained damage; the insurance policy
specifically excluded leases but not installment sales; and there was no
evidence of fraud or misrepresentation.

APPEAL by plaintiff from *Brannon, Judge*. Judgment entered
28 September 1983 in Superior Court, BLADEN County. Heard in
the Court of Appeals 16 October 1984.

*Hester, Johnson and Johnson, by W. Leslie Johnson, Jr., for
plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by William Robert
Cherry, Jr., for defendant appellee.*

BECTON, Judge.

I

In its Complaint, the plaintiff, Squires Timber Company
(Squires), alleges that in May 1981, the defendant, The Insurance
Company of the State of Pennsylvania "issued a policy of in-
surance . . . upon certain personal property *owned* by [Squires],
to wit a 1979 Franklin feller buncher, . . . serial no. 9269 . . ."
(*emphasis added*); that approximately one year later the feller
buncher was damaged and destroyed by fire, causing a loss and
damage to Squires in the amount of $51,000; and that Squires

notified defendant of the loss and damage, but the defendant denied liability. The defendant, in its Answer, admitted that the property was insured, but pled, as a specific defense, that the property was "leased or rented" to Harry Lee McKoy and, therefore, excluded from coverage.

It is true that the nature of the agreement between McKoy and Squires is in dispute. Squires contends that it sold the feller buncher to McKoy, a logger, on 15 August 1980 and that it often sells, but never leases, equipment to loggers. McKoy testified that he was either leasing the machine, buying it pursuant to a lease purchase, or buying it pursuant to an installment sales purchase.

The following facts are not in dispute, however, McKoy was an independent logger and not an employee of Squires. On 15 August 1980, McKoy was given exclusive possession and control of the feller buncher pursuant to either the lease, lease purchase sale, or conditional sale agreement of the parties; the agreement between McKoy and Squires was oral; at the time McKoy was given possession of the equipment, an account ledger of the transaction was set up between Squires and McKoy; during May of 1981, after the feller buncher had been in McKoy's exclusive possession and control for approximately nine months, Squires sought insurance on the equipment with defendant; at no time during the negotiations or during the policy period did Squires or McKoy ever put defendant or any of its agents on notice as to the agreement between Squires and McKoy; and during the time that McKoy had possession of the feller buncher, he performed all the repairs and maintenance and purchased two tires for the feller buncher costing a total of $4,400.00.

II

Based on the above disputed and undisputed facts, Squires styles its sole question presented for review as follows:

Did the trial court commit reversible error in granting defendant's motion for summary judgment where there was no lease or rental on the personal property which would exclude coverage and where there was no concealment or misrepresentation of any material fact or circumstances concerning the policy?

After outlining the "insurance philosophy" of risk management, pursuant to which policies are applied for in the name of the insured so that premiums can be charged and collected based upon the previous loss record of that insured, its business pursuits, its protection of property, its use of property, its integrity and numerous other underwriting decisions, defendant contends that it makes no difference, as a practical matter, whether the arrangement between Squires and McKoy was a sale, conditional sale, lease purchase, or lease. According to defendant, the "arrangement" violated the general conditions of the policy as stated in Article I as well as a specific exclusion contained in Section 4. More specifically, in Article 1, "Misrepresentation and Fraud," the policy provided:

> This entire policy shall be void if, whether before or after a loss, the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

Under Section 4 dealing with exclusions, the policy provided:

> This policy does not insure against loss: . . . (i) to property while leased and/or rented to others.

Relying heavily on a Texas Court of Appeals case, *Bucher v. Employers Casualty Co.*, 409 S.W. 2d 583 (Tex. Civ. App., 1966), which held that an installment sale transferred equitable title, thereby constituting a violation of the "change in ownership" provision of the controverted policy and voiding coverage, defendant argues that the lease or installment sale passed equitable title to McKoy and voided Squires' insurance coverage.

Even if we were to accept fully defendant's philosophy of risk management, defendant still would not win at the summary judgment stage on the facts of this case. There is no "change in ownership" provision in Squires' policy. Therefore, there are genuine issues of material fact regarding the nature of the agreement between McKoy and Squires. The insurance policy specifically excludes leases but not installment sales. In addition to McKoy's inconsistent statements that he was leasing the equipment and that he was buying the equipment, Squires presented substantial evi-

**Squires Timber Co. v. The Ins. Co. of Penn.**

dence suggesting an installment sale. McKoy approached Squires and asked if he could buy the machine; a ledger sheet was set up concerning the transaction with the first relevant entry being a balance of $101,000 due; the ledger sheet shows payments by McKoy to Squires beginning 15 August 1980 and ending 23 April 1982 at which time a balance of $60,034.55 was due; McKoy purchased two tires for the feller buncher costing a total of $4,400; McKoy did not sign a proof of loss with regard to the feller buncher because "it was Squires Timber Company's machine until I paid for it"; and both McKoy and a Squires Timber Company official testified that the transaction was a sale.

Further, we find no evidence of fraud or misrepresentation in this case. Pursuant to an agreement, McKoy had obtained possession and control of the feller buncher a full nine months before Squires insured the equipment. Significantly, no interest of Squires changed after the policy was executed.

Considering the facts set forth above, the further facts that all insurance premiums due were paid, and the well-known principle that policies of insurance prepared by the insurer will be liberally construed in favor of the insured, and strictly against the insurer, we hold that summary judgment in favor of the defendant was improperly granted.

Reversed.

Judges HEDRICK and PHILLIPS concur.